IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMEY RAY CHRISTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:18-cv-00008 |
| | ) | |
| CHERRY LINDAMOOD, et al., | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE FRENSLEY |
| Defendants. | ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 130), which was filed on November 5, 2019. Through the Report and Recommendation, the Magistrate Judge recommends Defendants' motions for summary judgment (Doc. Nos. 84, 89) be granted on the basis that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. Plaintiff filed objections to the Report and Recommendation (Doc. No. 147-1), and Defendants have filed Responses (Doc. Nos. 149, 150). After a *de novo* review, and for the following reasons, Plaintiff's objections are OVERRULED and the Report and Recommendation is ADOPTED.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff, an inmate of the Trousdale Turner Correctional Complex in Hartsville, Tennessee, initiated the present *pro se* action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his First and Eighth Amendment rights by being deliberately indifferent to his serious medical needs, by retaliating against him, and by interfering with and prohibiting his religious practice. (*See* Doc. Nos. 1, 9, 10). Specifically, Plaintiff brings Eighth Amendment deliberate indifference to medical needs claims and First Amendment retaliation claims pursuant to Section

1983 against Defendant Steadman pertaining to Plaintiff's suicide attempt and subsequent medical treatment (or lack thereof) in January 2018. Plaintiff brings First Amendment religious practice claims under Section 1983 against Defendants Cherry Lindamood, Eric Bryant, Danny Dood, Ryan Deatherage, and Danny Casteel, and Patrick Swindle. Plaintiff brings Eighth Amendment deliberate indifference to medical needs claims under Section 1983 against Defendant Steadman and Defendant Inman pertaining to Plaintiff's suicide attempt in February 2018. Plaintiff brings Eighth Amendment deliberate indifference to medical needs claims under Section 1983 against Defendant Kenneth Williams pertaining to the denial of Plaintiff's prescribed treatment for his narcolepsy.

On June 3, 2019, Defendant Williams filed a Motion for Summary Judgment (Doc. No. 84), and Defendants Eric Bryant, Ryan Deatherage, Danny Dodd, Dameon T. Hininger, Cindy Inman, Cherry Lindamood, Shane McClain, Angela Steadman, and Patrick Swindle (collectively "CoreCivic Defendants") also filed a Motion for Summary Judgment (Doc. No. 89). Plaintiff filed a timely Response to Defendant Williams' Statement of Facts on June 20, 2019, (*see* Doc. No. 103), but failed to respond to Defendant Williams' Motion for Summary Judgment. Plaintiff requested an extension of time to file a response, and his request was denied. (*See* Doc. No. 143 at PageID # 1308). On August 19, 2019, Plaintiff filed a Response in Opposition to the CoreCivic Defendants' Motion for Summary Judgment. (Doc. No. 115). On November 5, 2019, the Magistrate Judge issued a Report and Recommendation, recommending that Defendants' Motions for Summary Judgment be granted on the basis that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. (Doc. No. 130).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. LAW AND ANALYSIS

As an initial matter, the Court notes that Plaintiff does not challenge the Magistrate Judge's finding that Plaintiff failed to exhaust his administrative remedies with regard to his Eighth Amendment deliberate indifference to medical needs claims and First Amendment retaliation claims against Defendant Steadman pertaining to Plaintiff's suicide attempt in January 2018. Nor does Plaintiff challenge the Magistrate Judge's finding that Plaintiff failed to exhaust his administrative remedies regarding his First Amendment religious practice claims. The Court will address Plaintiff's objections in turn:

1. Plaintiff objects to the Report and Recommendation by arguing that he did exhaust his administrative remedies regarding his claims against Defendant Williams. Specifically, Plaintiff argues that he exhausted his administrative remedies because Defendant Williams decided his October 30, 2015 and August 30, 2017 grievances at level three of the review process by concurring with the supervisor in denying Plaintiff treatment for his narcolepsy with the medication prescribed by his doctor. (Doc. No. 147-1 at 4-5 (citing Doc. No. 1 at PageID # 56,

3

43)). Plaintiff objects to the Magistrate Judge's factual finding that Defendant Williams had no personal involvement in CoreCivic's decision to deny Adderall for treatment of Plaintiff's narcolepsy on the same grounds, *i.e.*, Defendant Williams' involvement with his grievances at the third level of the review process. (Doc. No. 147-1 at 2 (citing Doc. No. 1 at PageID # 56, 43)).

In Response, Defendant Williams argues that Plaintiff waived these arguments because he failed to raise them before the Magistrate Judge. (Doc. No. 150). Defendant Williams does not respond to Plaintiff's claim that he was personally involved in the denial of Plaintiff's grievances at the level three response level. Instead, Defendant Williams asserts that defendants cannot be liable under Section 1983 where their only role involves the denial of administrative grievances. (Doc. No. 150 (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Under the law of the Sixth Circuit, Defendant Williams' personal involvement in the denial of Plaintiff's grievances is not enough to hold him liable under Section 1983 for deliberate indifference to medical needs. *See Mitchell v. Hininger*, 553 F. App'x 602, 608 (6th Cir. 2014) ("The denial of a prisoner's grievance does not by itself support a § 1983 deliberate-indifference claim."). Accordingly, the Court is unable to find that the Magistrate Judge erred in determining that Defendant Williams is entitled to summary judgment.

2. Plaintiff objects to the Report and Recommendation by arguing that he stated an Eighth Amendment claim because the use of Provigil was not a prisoner's difference of opinion because that medication had been proven ineffective in 2006 by Vanderbilt Medical University. (Doc. No. 147-1 at 5). That objection is beside the point because the Magistrate Judge did not make a finding that Plaintiff had failed to state him Eighth Amendment claim on that basis. (*See* Doc. No. 130 at PageID # 1250).

3. Plaintiff objects to the Report and Recommendation by arguing that he could not exhaust his administrative remedies as required regarding his Eighth Amendment claims against Defendant Steadman and Defendant Inman pertaining to his suicide attempt in February 2018. (Doc. No. 147-1 at 5-6). Specifically, Plaintiff argues that he could not exhaust his administrative remedies as required because he could not file a grievance within the 7-day limitation of the TDOC grievance policy because he was in the ICU and then under suicide watch for a total of 11 days and he could not file grievances while in the ICU or on suicide watch. (*Id.*).

In Response, Steadman and Inman argue that exhaustion is required even if the inmate subjectively believes that the remedy is not available or that the procedure is "ineffectual or futile." (Doc. No. 149 at 3 (quoting *Napier v. Laurel County, Ky.*, 636 F. 3d 218, 222 (6th Cir. 2011)). Therefore, they argue that even if Plaintiff believed that he could not file a grievance due to being in the hospital or being placed on suicide watch, he was still required to have taken some action to attempt to utilize the grievance process prior to bringing suit. Steadman and Inman are correct that courts in the Sixth Circuit require an incarcerated person to make "'some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable.'" *Napier v. Laurel Cty.*, 636 F.3d 218, 223–24 (6th Cir. 2011) (quoting *Braswell v. Corr. Corp. of Am.*, No. 3:08-0691, 2009 WL 2447614, at *7 (M.D. Tenn. Aug. 10, 2009)). Steadman and Inman note that it is undisputed that Plaintiff never took any such action. (Doc. No. 149 at 4 (citing Doc. No. 90-1 ¶¶ 67, 69-74)). The Court finds that the Magistrate did not err in his conclusion that Plaintiff failed to exhaust his administrative remedies as required regarding his Eighth Amendment claims against Defendant Steadman and Defendant Inman pertaining to his suicide attempt in February 2018.

4. Plaintiff objects to the Magistrate Judge's factual finding that Defendant Inman, as the shift supervisor, did not have the authority to approve or disapprove inmate transfers. (Doc. No. 147-1 at 2-3). Plaintiff argues that Defendant Inman did have authority to do so in emergency situations because as shift supervisor she would have been the "acting Warden" on third shift. Plaintiff's unsupported assertion does not constitute evidence and he has failed to point to any evidence in the record calling Magistrate Judge's factual finding into question. Additionally, Plaintiff has not demonstrated that this objection undermines the Report's conclusions or otherwise provides a basis to reject or modify the Report and Recommendation.

5. Plaintiff objects to the Report and Recommendation by arguing that Defendant Steadman could not make a medical determination that Plaintiff was not suicidal in January 2018 because she never performed a mental evaluation on Plaintiff after he returned from Wayne County medical. (Doc. No. 147-1 at 4). As noted above, Plaintiff does not challenge the Magistrate Judge's finding that Plaintiff failed to exhaust his administrative remedies for his Eighth Amendment medical indifference claims pertaining his suicide attempt in January 2018. Plaintiff has not demonstrated that this objection undermines the Report's conclusion or otherwise provide a basis to reject or modify the Report and Recommendation.

6. Plaintiff objects to the Report and Recommendation by arguing that CoreCivic was properly served pursuant to Federal Rule of Civil Procedure 4(h) because he served two officers of CoreCivic, CEO Hininger and COO Swindle, with the summons and Complaint. (Doc. No. 147-1 at 6). The Magistrate Judge did not make a finding as to service of process on CoreCivic in the Report and Recommendation. (*See* Doc. No. 130). Accordingly, this objection does not provide a basis to reject or modify the Report and Recommendation.

6

7. Plaintiff objects to the Report and Recommendation by arguing that Lybranca Cockrill is no longer the Grievance Chairperson at TTCC. (Doc. No. 147-1 at 3). Plaintiff's unsupported assertion does not constitute evidence and Plaintiff has not demonstrated that this objection undermines the Report's conclusion or otherwise provide a basis to reject or modify the Report and Recommendation.

8. Plaintiff objects to the Magistrate Judge's finding that SCCF does not have the capability of safely allowing inmates in protective custody to participate in group meetings, arguing without citation to the record that "SCCF does have the capability of safely letting groups of 6 to 8 inmates at a time to participate in recreation together in one man recreation cages, the same process can be used for PC, group worship meetings." (Doc. No. 147-1 at 2). As noted above, Plaintiff does not challenge the Magistrate Judge's finding that Plaintiff failed to exhaust his administrative remedies for his First Amendment religious practice claims. Plaintiff has not demonstrated that this objection undermines the Report's conclusion or otherwise provide a basis to reject or modify the Report and Recommendation.

## IV. CONCLUSION

For the reasons described above, Plaintiff's objections fail to state viable grounds to challenge the Magistrate Judge's conclusions, nor do they otherwise provide a basis to reject or modify the Report and Recommendation. Thus, having fully considered Plaintiff's objections, the Court concludes they are without merit, and that the Report and Recommendation should be adopted and approved. Accordingly, Defendants' Motions for Summary Judgment (Doc. Nos. 84, 89) are **GRANTED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE